IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATTHEW TUCKER, JR.,

　　Plaintiff,

vs.                                                    Case No. 4:15cv151-MW/CAS

JUDGES AND CHIEF JUDGES
of THE UNITED STATES THIRD
CIRCUIT COURT OF APPEALS,

　　Defendants.

_____/

## REPORT AND RECOMMENDATION

　　Plaintiff, proceeding pro se, submitted a nearly illegible complaint, doc. 1, a motion, doc. 2, and several notices, docs. 3-5. Plaintiff did not pay the filing fee for this case nor did he submit an in forma pauperis motion. It may prove beneficial to determine whether Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h),[1] but this Court should not undertake that effort because this case does not belong in this Court.

---

[1] Under 28 U.S.C. § 1915(h), a "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  If Plaintiff is at the hospital because he was found not guilty by reason of temporary insanity, then his detention is for non-punitive purposes and he is not a prisoner for purposes of the PLRA.  Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (citing Kolocotronis v. Morgan, 247 F.3d 726 (8th Cir. 2001) (holding that an inmate being held at a mental institution pursuant to a finding that he was not guilty by reason of insanity was not a prisoner within the meaning of the PLRA)).

Plaintiff lists his address as the Greystone Hospital in Morris Plains, New Jersey. It is unknown whether or not that psychiatric hospital also treats forensic patients such as would be exempted from § 1915(h). The federal court in the state of New Jersey will be in a better position to make that determination. Moreover, all Defendants in this case are listed as judges of the Third Circuit Court of Appeals. There does not appear to be any basis for jurisdiction in the Northern District of Florida which sits within the Eleventh Circuit. Thus, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 110 is in the United States District Court for New Jersey.[2]

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, is is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for New Jersey for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 20, 2015.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] In light of the implausibility of Plaintiff's complaint and the doctrine of absolute judicial immunity, there appears no need to transfer this case to Pennsylvania, the location of the Third Circuit Court of Appeals.

Case No. 4:15cv151-MW/CAS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this Report and Recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**